[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#110)
Plaintiff instituted the present action to collect sums claimed to be due to her as a result of certain contracts made with various limited partnerships for interior design and decorating services in designated health care centers. The defendant purchased the care centers from the limited partnerships and is a successor interest to the limited partnerships under the agreement with the plaintiff. Plaintiff claims that she duly performed the services required under the contracts and the sum of $120,678.56 is due to her from the defendant. While the claims of the plaintiff are set forth in varying legal theories, all claims are based upon allegations that work was performed for which the plaintiff has not been paid.
The defendant has now moved for summary judgment that the plaintiff is barred from presenting the claim here asserted because of judgment entered by the District Court of Hale County, Texas. Prior to the time the plaintiff instituted the present lawsuit, the defendant instituted a lawsuit in the State of Texas based upon the agreements set forth in the plaintiff's complaint. The defendant sought an accounting, damages for breach of contract and for fraud. The plaintiff, in Texas, asserted that she was not subject to the jurisdiction of that state and a hearing was held at which the plaintiff testified concerning the jurisdictional issue. Texas court overruled the plaintiff's jurisdictional claims. Thereafter the plaintiff did not continue to defend the Texas action and a default judgment was entered against her and in favor of the defendant. The Texas court's "final default judgment" recited that the allegations of the defendant's complaint had been deemed admitted by the plaintiff's failure to answer and that the defendant was entitled to recover of the plaintiff the sum of $233,581.09 plus legal interest and exemplary damages as well as other relief.
Thereafter, the defendant brought suit in Connecticut to enforce the Texas judgment and the Superior Court granted the defendant's motion for CT Page 16394 summary judgment against the plaintiff for enforcement of the Texas judgment. That ruling was affirmed on appeal. Litchfield Asset ManagementCorporation v. Mary Ann Howell, et al, 47 Conn. App. 920 (1997) (Per Curiam).
"The related doctrines of claim preclusion and issue preclusion as stated in our cases may seem to imply a meaningful distinction between `claim' and `issue' for the purposes of determining what matters are precluded by a former adjudication. If so understood, sound principles of finality are made to depend on the terminology used to express them. The concepts of `issue preclusion' and `claim preclusion' are simply related ideas on a continuum, differentiated, perhaps by their breath, and express no more than the fundamental principle that once a matter has been fully and fairly litigated, and fairly decided it comes to rest."State v. Ellis, 197 Conn. 464-465 (1985). (Footnote omitted).
The plaintiff asserts that because the Texas judgment was obtained by default that judgment can have no preclusive effect. With respect to the effect of a default judgment our court's have stated "[A]lthough not every default judgment should have the same issue preclusive effect as the actual adjudication between the present parties, in the interest of judicial economy and repose for litigants, we envision some circumstances where it would be appropriate to give issue preclusive effect to a default judgment. We have previously noted, after addressing the scope of issue and claim preclusion, that the appropriate inquiry with respect to both types of preclusion is whether the party had an `adequateopportunity' to litigate the matter in the earlier proceeding." Jacksonv. R.G. Whipple, Inc., 225 Conn. 705, 717-718 (1993).
"We have adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata. The claim that is extinguished by the judgment in the first action includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions out of which the action arose. What factual groupings constitute a transaction and what groupings constitute a series are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. . . . In applying the transactional test we compare the complaint in the second action with the pleadings and the judgment in the earlier action."
Finally, we recognize that a decision whether to apply the doctrine of CT Page 16395 res judicata to the claims that have not actually been litigated should be made based upon a consideration of the doctrines underlying policies, namely, the interest of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. We have stated that res judicata should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial systems; and (3) to provide repose by preventing a person from being harassed by vexatious litigation . . . The judicial doctrines of res judicata and collateral estoppel are based upon the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." (Internal quotation marks and citations omitted) Delahunty v.Massachusetts Mutual Life Insurance Co., 236 Conn. 582, 590-591 (1996).
The present case seeks to recover sums claimed to be due to the plaintiff as a result of the performance of the contract between the parties. The Texas litigation, in count one, seeks an accounting including the fees paid or payable to the plaintiff. Thus, the same issues presented to the Texas court are now submitted to the Connecticut court. Jurisdiction was decided adversely to the plaintiff after a hearing at which she testified. The failure to defend the Texas litigation resulted in an adverse judgment against the plaintiff which has now become a Connecticut judgment. The determination to apply preclusive effect to the Texas judgment promotes the "underlying policies" of the doctrine.
Accordingly, the motion for summary judgment is hereby granted.
___________________ RUSH, J. CT Page 16396